**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000535
24-APR-2023
07:57 AM
Dkt. 79 SO**

NO. CAAP-21-0000535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DARLENE MARIE WOOLFORD, Petitioner-Appellee,
v.
DOUGLAS JAMES WOOLFORD, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. FC-DA 21-1-0476)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Self-represented Respondent-Appellant Douglas J. Woolford (**Douglas**) appeals from the September 7, 2021 Order for Protection, filed by the Family Court of the Third Circuit (**family court**).[1]

On appeal, Douglas raises the following points of error: (1) Exhibit C should not have been admitted into evidence because it was not related to any accusations of abuse; (2) Exhibit D should not have been admitted into evidence because it was not related to any accusations of abuse; (3) Petitioner-Appellee Darlene M. Woolford (**Darlene**) committed perjury when "[a]llegations reputed to have happened on 09/11/2021, are now being alleged to have happened on 09/11/2020"; (4) his objection was overruled for no conceivable reason while Darlene was "allowed to make up whatever she wants with no witnesses or any proof whatsoever - even after lying about the dates"; (5) his

---

[1] The Honorable Jeffrey W. Ng presided.

objection was overruled that Darlene was lying about an imminent attack which never occurred; (6) his objection to Darlene's false claim about their son's diagnosis was ignored; (7) his objections to lies were overruled; (8) the family court did not ask for proof or any indication of veracity and instead asked Darlene, "How did it make you feel?" about her fabricated story; (9) his objection to Darlene's statements were overruled, yet he cannot defend himself from fabrications; (10) his objection to Darlene's false claims was ignored; (11) he claimed everything Darlene stated was made up but the family court stated, "It's not time of argument," and dismissed his statement of fact; (12) one of Darlene's witnesses should not have been allowed to testify because she was not a witness to any of the allegations; (13) a witness committed perjury by testifying Darlene chose to leave the home, when in fact, the police forced her to leave; (14) his daughter's testimony was limited to allegations related to 09/11/2020 and 08/24/2021 when Darlene was given time and leeway to make up stories that had nothing to do with 09/11/2020 and 08/24/2021; and (15) Darlene stated the allegations could have occurred on the 9th or 10th instead of the date she originally stated, and the family court allowed her to lie with immunity.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Douglas's points of error as follows, and affirm.

In each of the above points of error, Douglas cites a specific page of a transcript to support his claims.

> When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.

Hawaiʻi Rule of Appellate Procedure Rule 10(b)(1)(A).

"The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript."

Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks omitted) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)).

Douglas did not file a request for transcripts for the appeal.[2]  There are no transcripts in the record on appeal.[3]  Without a transcript there is no basis upon which to review the alleged errors by the family court.  Id. at 231, 909 P.2d at 559.

For the foregoing reasons, the September 7, 2021 Order for Protection, filed by the Family Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 24, 2023.

On the briefs:

Douglas James Woolford,
Self Represented Respondent-
Appellant.

Lockey E. White,
(Lockey Legal LLLC),
for Petitioner-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[2]     This court issued an "Order Regarding Request for Transcript" on January 25, 2023 regarding the lack of a transcript request in the appeal, allowing Douglas fifteen days to file such a request, and advising that failure to file a transcript request by the deadline may result in exclusion of any requested transcript from being part of the record on appeal, and that any transcript not made part of the record on appeal will not be considered. To date, no transcript request and no transcript have been filed in the appellate docket.

[3]     It appears Douglas attached pages from a transcript to his Opening Brief.  However, the selected pages do not identify the proceeding and the date of the proceeding, do not constitute a complete transcript, and do not contain a court reporter's certification.